UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SCOTT JOHNSON,<br><br>　　　　　　　Plaintiff,<br>　　v.<br><br>THOMAS W HARKER,<br><br>　　　　　　　Defendant. | CASE NO. 3:21-cv-05182-DGE<br><br>ORDER POST PRETRIAL CONFERENCE |

1. **Trial Date and Duration**

    a. **Trial date:** December 12, 2022

        i. Jury selection via Zoom: December 12, 2022

        ii. Opening statement and presentation of evidence: December 13, 2022

        iii. Trial will end early for the day of December 14, 2022 at 12:00 p.m.

    b. **Trial schedule:**

        i. Monday through Friday (case must be completed by Monday, December 19, 2022)

ORDER POST PRETRIAL CONFERENCE - 1

    ii.    Hours: 9:00 a.m. to 4:30 p.m., with two 15-minute breaks at 10:30 a.m. and 2:45 p.m.

  **c. Issues for trial:**

    i.    Claims

        1. Plaintiff has two claims of failure to provide reasonable accommodations under the Rehabilitation Act of 1973, which resulted in his termination.

            a. Plaintiff claims that it would not have been an undue hardship for Defendant to allow him to use an arial lift platform to lift him to and from the cab of a crane.

            b. Plaintiff claims that Defendant failed to engage in interactive discussions with him regarding several positions in the forklift operator category that were available and to which he should have been reassigned.

    ii.    Defenses

        1. Plaintiff's proposed accommodation to use an arial lift to ascent to the crane cab would constitute an undue hardship to Defendant.

        2. Plaintiff's proposed accommodation to use an arial lift to ascend to the crane cab would constitute a direct threat.

        3. Plaintiff failed to mitigate his damages, if any.

    iii.    Relief

        1. Damages and reasonable attorney's fees.

        2. Equitable relief in the form of an injunction requiring Defendant to reinstate Plaintiff's employment and to accommodate Plaintiff as required.

  **d. Estimated length of trial:** 5 days (excluding jury selection)

  **e. Timed trial:** total length of five days (excluding jury selection).

  **f. COVID-19 protocol:** Court does not have a mandatory mask mandate—jurors are permitted to make individual choices about wearing a mask.

**2. Motions in Limine**

     **a.**  The parties have not filed any motions in limine.

**3. Jury Selection**

     **a.**  Selection by video (Zoom) (remainder of trial in-person)

     **b.**  Panel of around 30 to be called

     **c.**  8 jurors, no alternates—unanimous

     **d.**  Voir dire

        i.  See **Appendix A** below for Court's general questions.

        ii.  Time allowed for attorney questioning: 20 minutes

        iii.  The court will not allow questions which:

           1.  Have already been asked,

           2.  Anticipate instructions on the law which have not yet been given,

           3.  Ask a juror to speculate or comment on his/her verdict if certain facts are proved,

           4.  Are in substance arguments of the case,

           5.  Solicit a juror's opinion as to the law or legal terms,

           6.  Are clearly irrelevant and/or seek to embarrass, or establish rapport with, a juror, or

           7.  Are grossly unfair or embarrassing to the juror, and where the average juror cannot know the answer.

     **e.**  Challenges for cause following voir dire and outside the presence of the jury

     **f.**  3 preemptory challenges for each side.

     **g.**  Seating during voir dire – fully remote.

**4. Upcoming deadlines**

     **a. Submitting evidence**

      i.    An exhibit list in Microsoft Word format must be emailed to Gretchen Craft, Courtroom Deputy, at gretchen_craft@wawd.uscourts.gov by December 5, 2022.

      ii.    Each set of exhibits shall be submitted in a three-ring binder with appropriately numbered tabs, as well as on a thumb drive in PDF format (scanned using Optical Character Recognition if possible and encoded as a searchable PDF). The original and two copies of the trial exhibits must be delivered to Ms. Craft no later than seven days prior to the trial date (**December 5, 2022**). If JEEPS is being used, only one set of paper exhibits is required.

      iii.    Witness lists indicating the order in which your witnesses will testify at trial must be provided to Ms. Craft in Word format no later than **December 7, 2022**.

**b. Jury Instructions**

      i.    Per LCR 51, the parties submitted disputed and joint jury instructions for review by the Court on November 21, 2022.

      ii.    Court will discuss jury instructions and the verdict form with the parties after voir dire on Monday December 12, 2022.

**c. Settlement**

      i.    **Local Rule 39(d) states:** "Where cases set for trial by jury are settled or agreed to be tried without a jury, notice of such agreement shall be filed in the clerk's office as soon as possible but no later than five (5) days before the day on which the case is set; otherwise jury expenses incurred by the government, if any, shall be paid to the clerk by the parties agreeing to such settlement or waiver. And where a continuance of such a case shall be applied for by one side, and resisted by the other, and granted by the court, the payment of jury expenses incurred by the government, if any, by the party applying for the continuance shall in all cases be one of the conditions of the continuance unless such continuance be granted as a matter of right and was not due to any fault of the moving party."

      ii.    **Deadline to notify court of settlement:** December 7, 2022

**5. Opening statements:**

    **a.** Length of opening statements:

      i.    Plaintiff's estimate: 20 minutes

      ii.    Defendant's estimate: 20 minutes

    **b.** Procedure of openings (e.g., podium and use of exhibits during openings)

      i.    If you are going to use exhibits or demonstratives in your opening, they need to be shown to the other side ahead of time and consented to; any disputes should be raised with the Court before opening statements.

  **c.**  Use of charts, diagrams, timelines, and/or exhibits to be used during opening statements:

  **d.**  **Juror notetaking:** jury to receive note pads after opening statements

6.  **Closing arguments**

  **a.**  Plaintiff's proposed estimate: 20 minutes

  **b.**  Defendant's proposed estimate: 20 minutes

7.  **Questions from jurors during trial:** this will be permitted. The Court will discuss questions with counsel before presenting the witness with any questions from the jury.

8.  **Plaintiff's witnesses:**

  **a.**  Plaintiff Scott Johnson (will testify)

  **b.**  Ellen Lukkasson (will testify)

  **c.**  Tahnee Orcutt (will testify)

  **d.**  Jolene Wood (will testify)

  **e.**  Carly Cummins (may testify)

  **f.**  David Trottman (may testify)

9.  **Defendant's witnesses:**

  **a.**  Ellen Lukkasson (will testify)

  **b.**  Tahnee Orcutt (will testify)

  **c.**  Kelvin Perez (will testify)

  **d.**  Jeremy Askegard (may testify)

  **e.**  Buddy Bennett (may testify)

  **f.**  Kenneth Bourbolis (may testify)

  **g.**  Dale Coyle (may testify)

  **h.**  Jason Dirstine (may testify)

  **i.**  Julie Hernandez (may testify)

  **j.**  Carmon Hoff (may testify)

    k.  Lisa Lyva (may testify)

    l.  Margaret Jain, MD (may testify)

    m.  Scott Johnson (may testify)

10. **Notification of Witnesses:** Court expects the parties will extend professional courtesy by providing one day advance notice before calling a witness.

11. **Special witness needs/issues** (e.g., witnesses that need special accommodation such as out-of-town witnesses, witnesses with disabilities, witnesses that need interpreters.)

    a.  Parties to inform the Court of any special needs at the Pretrial Conference.

        i.  Carly Cummins is unlikely to testify, but if called she will appear remotely.

12. **Trial procedures regarding evidence**

    a.  Objections: Grounds only without explanation or outside presence of jury

    b.  Procedures for demonstrative aids: Each party must notify the other of the demonstrative they intend to use by the start of the court day prior to the day the party will use the demonstrative.

    c.  Witnesses: non-exempt excluded, experts allowed to be present.

    d.  Deposition evidence: Parties have not provided any deposition designations.

    e.  Sidebars: if counsel has an objection that needs to be taken up outside the presence of the jury, counsel should indicate to the Court that the objection might take some time. Counsel should be prepared for the Court to inquire as to whether the objection can be taken up at the next break.

13. **Issues that Arise During Trial, After Court Hours:** Should an issue arise during trial after court hours, counsel are instructed to meet and confer to see if the issue may be resolved without court intervention. If such meet and confer efforts are unsuccessful, counsel must notify the courtroom deputy of the issue by email at gretchen_craft@wawd.uscourts.gov.

# **APPENDIX A**

<u>Proposed General Voir Dire Questions</u> – (Note: the Court reserves the right to modify each question as necessary during voir dire.)

1. This trial is expected to last for six days. We will start each day at 9:00 a.m. and finish no later than 4:30 p.m. each day.  We will have a morning break of fifteen minutes, a lunch break of an hour and a half, and an afternoon break of fifteen minutes.  At the end of the sixth day, there is no time limit on the amount of time that the jury may deliberate. Is there any prospective juror who cannot be here for the anticipated duration of the trial? (explain hardship)

2. As you are all aware, we are still in the COVID-19 pandemic. [Mask policy for jurors, lawyers, courtroom, deliberation.]   Is there any prospective juror who has any concerns regarding this policy, or who would not feel comfortable sitting for trial and deliberations with this policy in place?

3. Is there any health issue, physical problem, or persistent physical aggravation or other problem that would make it difficult for you to sit as a juror? (bad back, migraines, etc.)

4. Scott Johnson is the Plaintiff in this case.  The Defendant is Carlos Del Toro, Secretary of the Department of the Navy, who the law requires to be named as the defendant.  Mr. Johnson was a civilian employee at the Puget Sound Naval Shipyard from 2003 until his termination on October 13, 2020.  Mr. Johnson claims that the Navy denied him a reasonable accommodation after being injured, leading to his termination for medical inability to do his job.  The Navy denies Mr. Johnson's claims.  The Navy also asserts defenses that Mr. Johnson posed a direct threat to himself and others, and that granting the accommodations at issue in this case would have placed an undue hardship on the Navy.  Have any of you heard or read anything about this case?

5. Is there anything about the nature of this case that would cause any prospective juror to start into the trial with any bias or prejudice, either one way or another?

6. Does anyone know the Plaintiff or his attorneys or law firm, or know anyone who works for the Plaintiff's law firm?

7. Does anyone know of the Defendant or its attorneys or law firm, or anyone who works for the Defendant or its law firm?

8. I will now ask counsel for the Plaintiff to list all of the witnesses that are expected to be called to testify.  Please raise your card if you believe that you know any of these witnesses. [Counsel reads names.]

9. I will now ask counsel for the Defendant to list all of the witnesses that are expected to be called to testify.  Please raise your card if you believe that you know any of these witnesses. [Defense counsel reads names.]

10. Do any of you know anyone who works in the legal system: judge, lawyer, clerk, probation officer, paralegal, etc?

11. Do you have any training or work experience in the field of law?

12. Have you served as a juror in a criminal or a civil case or as a member of a grand jury in either a federal or state court?  Have you ever served as the foreperson?

13. Have you ever testified before in any court proceeding? (not a deposition.)

14. Does anyone know any of the other prospective jurors from any contact other than your meeting this morning?

15. Does any prospective juror believe that he or she has strong feelings, either positive or negative, regarding our system of compensating individuals with money damages for injuries?

16. Do any of you have any moral, religious, philosophical, or other beliefs that would prevent you from fulfilling your duties and responsibilities as a juror?

17. As a juror in this case, your obligation would be to listen to the evidence and from that determine the facts according to the law as given to you by the court.  You must follow the court's instructions on the law even if you disagree with them.  Is there any juror who can think of any reason why you would be unable or unwilling to follow the court's instructions of law?

18. If you were the plaintiff/defendant in this case, is there anyone who would not want a juror with your present state of mind sitting on the jury?

19. Is there anyone who can think of any reason that would prevent you from being able to render a fair and impartial verdict in this case?

[Note: the Court reserves the right to modify or eliminate any of the parties' proposed questions, upon further review, if any appear to be duplicative or unnecessary.]

Plaintiff's proposed voir dire questions (not included in the Court's standard questions above)

20. Have you ever worked as a civilian employee for the Navy at the Puget Sound Naval Shipyard in Bremerton, Bangor Sub Base in Poulsbo, or Keyport, Naval Undersea Warfare Center?

ORDER POST PRETRIAL CONFERENCE - 8

21. Have you had a close family member (mother, father, brother sister, spouse or child) who worked as a civilian employee for the Navy at the Puget Sound Naval Shipyard in Bremerton, Bangor Sub Base in Poulsbo, or Keyport, Naval Undersea Warfare Center?

22. Have you ever worked in a position as a manager with hiring and firing authority over other employees?

23. Have you ever worked in a position in which you were responsible for your employer's compliance with the Americans with Disabilities Act requirements for the Reasonable Accommodation process?

24. As an employee, have you ever requested a Reasonable Accommodation from an employer?

Defendant's proposed voir dire (not included with Court's standard questions above)

25. Has anyone ever worked for, or had a family member or close friend work for, the U.S. Navy or the Puget Sound Naval Shipyard and Intermediate Maintenance Facility?

    a. If so, please describe where, when, and in what position you or they were/are employed.

    b. Is there anything about the experience that would prevent you from being fair and impartial in reaching a decision concerning the claims against the U.S. Navy or the Puget Sound Shipyard in this case?

26. Has anyone been employed by, or had a family member or close friend employed by the United States Government?

    a. If so, please describe where, when, and in what position you or they were employed.

    b. Is there anything about the experience that would prevent you from being fair and impartial in reaching a decision concerning the claims against the government in this case?

27. Have you, or a family member, ever had a disagreement or dispute with any department, agency, or office of the United States Government?

    a. If so, please explain the nature of the dispute.

    b. Did you believe you were dealt with fairly or unfairly?

    c. Do you think that, in spite of the dispute with the government, you would be fair and impartial in reaching a decision concerning the claims against the government in this case?

ORDER POST PRETRIAL CONFERENCE - 9

28. Has anyone ever worked as a crane operator or had a family member or close friend work as a crane operator?

29. Has anyone ever worked as a forklift operator, or had a family member or close friend work as a forklift operator?

30. Has anyone ever worked with any heavy machinery, or had a family member or close friend work with heavy machinery?

31. Has anyone ever got hurt on the job, or had a family member or close friend get hurt on the job?

    a. If so, please describe where, when, and in what position you or they were/are employed.

    b. Did you or they file for worker's compensation?

    c. Did anyone file a lawsuit about their workplace injury?

32. Has anyone ever requested a reasonable accommodation from their employer or had a family member or close friend request a reasonable accommodation?

    a. If so, did you or they file a formal complaint?

    b. Do you think because of your experience that you would tend to believe or side with an employee in a dispute with an employer?

33. Is there anyone who thinks that just because management sticks to the letter of its policies that it is unduly harsh?

34. Is there anyone who thinks that just because a management decision is strict that it must be discriminatory?

35. Is there anyone who would tend not to believe the testimony of employees of the United States Government, or employees of the U.S. Navy in particular, just by nature of their employer or work?

36. Is there anyone who believes that Mr. Johnson is entitled to more rights in this Court than the U.S. Navy?

37. Is there anyone who believes that just because somebody brings a lawsuit that there must be some truth to the claim?

38. Has anyone ever been involved in a lawsuit, or had a family member involved in a lawsuit?

      a. If so, were you or your family member the plaintiff or defendant?

      b. Was there anything about the experience that would make you more likely to believe the plaintiff or defendant?

39. Does anyone feel that they cannot be fair and impartial because the defendant is the U.S. Navy?

40. Does every juror understand that the United States Government, including the U.S. Navy, is entitled to a fair and impartial hearing just like an individual defendant?

41. Is there anything about the case that makes any one of you start off favoring one side or another?

ORDER POST PRETRIAL CONFERENCE - 11